FILED

05/24/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0429

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0429

FILED

MAY 24 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MATTHEW LYMAN TIPPETS,

Defendant and Appellant.

O R D E R

On May 5, 2022, Appellant Matthew Lyman Tippets (Tippets) filed a petition for rehearing of this Court's April 25, 2022 Opinion in *State v. Tippets*, 2022 MT 81, 408 Mont. 249, 2022 Mont. LEXIS 362. On May 20, 2022, the State filed its objection to Tippets's petition.

Under M. R. App. P. 20, this Court seldom grants petitions for rehearing. The rule makes clear that this Court will entertain a petition for rehearing on very limited grounds. This Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the opinion overlooked a question that would have decided the case, or if the "decision conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20.

Tippets's petition asserts that this Court's Opinion conflates § 46-18-203(7), MCA (the procedure for revoking a suspended or deferred sentenced based on noncompliance violations), with § 46-18-203(8), MCA (revocation procedure for compliance violations). In particular, Tippets's petition alleges our Opinion will permit future courts to grant petitions to revoke suspended or deferred sentences for compliance violations exclusively under § 46-18-203(7), MCA, while ignoring the requirements of § 46-18-203(8), MCA. However, this Court's Opinion does no such thing. As noted in the State's objection to Tippets's petition, our Opinion does not permit a court to bypass the statutory procedure

for compliance violations stated in § 46-18-203(8), MCA. Instead, our Opinion simply recognizes that, in cases where compliance violations occur, once the State has established that the Montana Incentives and Interventions Grid has been exhausted, the sentencing court may then look to the sentencing options provided under § 46-18-203(7), MCA. In fact, a court is expressly granted this right under the text of § 46-18-203(8)(c), MCA, which provides as follows:

> If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence, that the violation is a compliance violation, and that the offender's conduct indicates that the offender will not be responsive to further efforts under the incentives and interventions grid, the judge may sentence the offender as provided in subsection (7).

Thus, having fully considered the contentions raised in Tippets's petition for rehearing and in the State's objection thereto, this Court concludes that rehearing is not warranted under M. R. App. P. 20.

IT IS ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to mail copies hereof to counsel of record for the respective parties.

DATED this 24 day of May, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices